IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Gloria Bautista, ) | |
| ) | Civil Action No. 8:07-1287-HMH-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Clemson University, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## **FACTS PRESENTED**

The plaintiff was employed by defendant Clemson University for 16 years, including eight years as a professor of Spanish with full tenure rights. She was terminated from employment effective November 17, 2006 (comp. ¶¶ 1, 5). In her complaint, the plaintiff alleges that the defendant discriminated against her on the basis of her race and national origin and in retaliation for her support of other Hispanic faculty members in the Languages Department, all in violation of Title VII of the Civil Rights Act of 1964, as amended (comp. ¶¶ 15, 16). Specifically, she contends the defendant discriminated against her (1) with regard to her pay (comp. ¶¶ 7, 8); (2) with regard to alleged harassment (comp. ¶¶ 9, 10, 11); (3) with regard to her termination of employment (comp. ¶¶ 5, 12); and

(4) with regard to alleged harassment and termination of other Hispanic employees (comp. ¶¶ 13, 14).

In her EEOC charge, the plaintiff checked the boxes for discrimination based on "retaliation" and "national origin."[1] She did not check the box for "race," and the particulars section of the charge does not include any allegations of discrimination based on race. In addition, the EEOC charge does not include any allegations of harassment, such as the allegations found in the plaintiff's complaint that she was denied opportunities to teach (comp. ¶ 8), that she was "harassed, criticized, reprimanded and/or threatened for allegedly violating minor rules or policies" (comp. ¶ 9), that she was denied research opportunities such as sabbaticals (comp. ¶ 10), or that she was "falsely accused of improperly allowing another female Hispanic professor to be listed as co-author of one of her publications" (comp. ¶ 11).

## APPLICABLE LAW AND ANALYSIS

The defendant contends that since the plaintiff did not include race in her EEOC charge, this court does not have jurisdiction of such allegations under Title VII. Therefore, the defendant argues that any allegations of race discrimination included in the plaintiff's complaint should be dismissed. The defendant further argues that since the EEOC charge alleges only that the plaintiff was discriminated against through her rate of pay and termination, any allegations in the complaint related to harassment should likewise be dismissed under Title VII.

The plaintiff argues that the defendant's motion should be denied based upon procedural issues. The defendant filed its answer on May 23, 2007, without raising the issues made in this motion. The defendant filed its Rule 12(b) motion on June 1, 2007, and on June 8, 2007, the defendant filed an amended answer raising the same issues argued in the motion. Also, while the EEOC charge was referenced in the defendant's motion to

2

dismiss, the defendant failed to attach the charge as an exhibit to the motion.  However, the defendant corrected this oversight on July 2, 2007, by filing a copy of the EEOC charge with the court.  The defendant contends that it has corrected its procedural lapses by filing the amended complaint and the EEOC charge.  This court agrees.  Accordingly, the merits of the motion will be considered.

In *Dennis v. County of Fairfax*, 55 F.3d 151 (4th Cir.1995), an employee alleged unequal disciplinary treatment because of his race in his EEOC charge.  In the subsequent Title VII lawsuit, the employee sought to assert racially discriminatory acts other than those related to discipline and which had not been addressed in the EEOC charge or investigation.  The Fourth Circuit Court of Appeals upheld the dismissal of the employee's newly-raised claims for failure to exhaust administrative remedies, stating, "Where ... claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred."  *Id.* at 156-57 (citing *EEOC v. General Electric Co.*, 532 F.2d 359, 366 (4th Cir.1976)).

> Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis – such as race – and he introduces another basis in formal litigation – such as sex. *See Bryant [v. Bell Atl. Md., Inc.]*, 288 F.3d 124, 132-33 (4th Cir.2002); *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir.1999) (Title VII retaliation claim barred when administrative charges alleged only age discrimination). A claim will also typically be barred if the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim encompasses another type – such as discrimination in pay and benefits. *See Evans [v. Technologies Applications & Serv. Co.]*, 80 F.3d 954, 963-64 (4th Cir. 1996); *Lawson v. Burlington Indus., Inc.*, 683 F.2d 862, 863-64 (4th Cir.1982) (claim of discriminatory failure to rehire barred because charge only alleged illegal layoff).
> ***
> At the same time, however, if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the

3

>charge and the claim is sufficient. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir.2000) (plaintiff exhausted administrative remedies when both formal complaint and administrative charge alleged she was retaliated against by management because she complained about supervisor's sexual harassment); *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir.1981); *see also Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir.2002) ("The crucial element of a charge of discrimination is the factual statement contained therein.") (internal quotation marks omitted); *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir.2001) ( "[T]he EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals.") (internal quotation marks omitted).

*Chacko v. Patuxent Institution*, 429 F.3d 505, 509-10 (4th Cir. 2005).

With regard to the defendant's argument that, because the plaintiff did not include race in her EEOC charge, this court does not have jurisdiction of such allegations under Title VII, the plaintiff responds as follows:

>In her Complaint, Plaintiff specifically alleges that she was discriminated against because she is from the Columbia, South America and because she is Hispanic. If the Court were to examine the language of the EEOC Charge, it would be apparent that the Charge was equally specific as to the basis for the alleged discrimination. Plaintiff's counsel believes that the proper characterization of those allegations is discrimination on the basis of national origin. However, certain EEOC publications and forms are not completely clear about whether the term "race" or the term "national origin" should be used in connection with discrimination against Hispanics. As a result the Complaint mentions both terms solely to avoid some technical issue being raised at a late stage in the case. Assuming that there is no argument that discrimination against Hispanics is properly characterized as discrimination on the basis of "national origin" the Plaintiff will agree at the proper stage of the case that "race" is not an issue.

(Pl. resp. m. to dismiss 2-3). This court agrees with the plaintiff's position and finds that dismissal on this basis is not appropriate at this early stage of the litigation as the plaintiff was very specific in her charge as to her claim that she was discriminated against because

4

she is Hispanic. Accordingly, this court recommends that the motion to dismiss the plaintiff's race claims be denied at this time.

With regard to the defendant's argument that since the EEOC charge alleges only that the plaintiff was discriminated against through her rate of pay and termination, any allegations in the complaint related to harassment should likewise be dismissed under Title VII, the plaintiff responds as follows:

> Defendant's objection to the term "harassment" appears to be a premature attempt to limit evidence. On the printed EEOC Charge forms there is no category listed for "harassment." In fact, "harassment" is probably not prohibited by Title VII unless it is harassment because of the individual's inclusion in some protected category. If the Court were to examine the Charge and the related material in which the EEOC informed the Defendant of the nature of the evidence Plaintiff presented in support of her charge, it would be apparent that Defendant was fully on notice about these aspects of Plaintiff's claim.

(Pl. resp. m. to dismiss 3).

Here, the plaintiff's EEOC charge was limited to claims of national origin discrimination and retaliation as to her rate of pay and discharge from employment. The factual statement of the charge states as follows:

> 1.   I began my employment as Professor Spanish and Hispanic Literature at Clemson University in 1989. My performance has been above standard as demonstrated by the many excellent performance evaluations. I have been discriminated against based on my national origin through my rate of pay. I was discriminated against through the termination of my employment on December 22, 2005.
>
> 2.   The reasons identified for the discharge relate to attending a conference during the school year and accusations of "blatant unprofessional conduct."
>
> 3.   I believe I have been discriminated against based on my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

> 4. I believe that other employees have been discriminated against through wages, the denial of grants and time release, and promotion to tenure based on national origin, Hispanic.

(Def. reply, ex. 1). As the plaintiff's new allegations in her complaint of harassment exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, the harassment claims should be dismissed for failure to exhaust administrative remedies.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendant's motion to dismiss should be granted in part and denied in part as set forth above.


s/William M. Catoe
United States Magistrate Judge

September 5, 2007

Greenville, South Carolina