IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Gloria Bautista, ) | |
| ) | Civil Action No. 8:07-1287-HMH-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Clemson University, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for leave to supplement her opposition to the defendant's motion for summary judgment. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiff was employed by defendant Clemson University for 16 years, including eight years as a professor of Spanish with full tenure rights. She was terminated from employment effective November 17, 2006 (comp. ¶¶ 1, 5). In her complaint, the plaintiff alleges that the defendant discriminated against her on the basis of her race and national origin and in retaliation for her support of other Hispanic faculty members in the Languages Department, all in violation of Title VII of the Civil Rights Act of 1964, as amended (comp. ¶¶ 15, 16). Specifically, she contends the defendant discriminated against her (1) with regard to her pay (comp. ¶¶ 7, 8); (2) with regard to alleged harassment (comp. ¶¶ 9, 10, 11); (3) with regard to her termination of employment (comp. ¶¶ 5, 12); and (4) with regard to alleged harassment and termination of other Hispanic employees (comp. ¶¶ 13, 14). Upon this court's recommendation, on October 2, 2007, the Honorable Henry M. Herlong, Jr., United States District Judge, dismissed the plaintiff's harassment claims. On March 7, 2008, the defendant filed a motion for summary judgment on the plaintiff's remaining claims. On March 26, 2008, the plaintiff filed her opposition to the motion, and on April 7, 2008, the defendant filed a reply brief.

> In her motion, the plaintiff states as follows:
>
> Approximately two weeks after Defendant filed its Reply, Plaintiff Bautista came into contact with the former Secretary to Clemson University's Board of Trustees and Assistant to the President, C. Eugene Troutman, III. After their meeting, Mr. Troutman provided Plaintiff with several documents and gave her certain information about the handling of her case which she seeks to add to the record to be considered in connection with Defendant's motion.
>
> In addition, at about the same time, while searching her files for something unrelated to this case, she discovered the minutes of a Language Department meeting where she had not been present that contains policies about the responsibility for substitute teachers that appear to be inconsistent with Defendant's evidence and assertions. She was unaware of the existence of this document until its recent discovery and seeks to add it to the record.

(Pl. m. to supplement 1-2).

The plaintiff has supplemented her discovery responses to the defendant and has scheduled Mr. Troutman's deposition. According to the plaintiff, prior to her meeting with Mr. Troutman, neither she nor her counsel knew that Mr. Troutman had evidence relevant to her case. She argues that the documents are directly relevant to the issues of whether or not she was meeting Clemson's legitimate job expectations and whether other employees were retained under apparently similar circumstances (pl. m. to supplement 3-4).

The defendant opposes the motion, arguing that the plaintiff had ample time for discovery, and she has not shown the "excusable neglect"[1] necessary to be able to file a supplement to her opposition to the motion for summary judgment. This court disagrees.

Based upon the foregoing, the plaintiff's motion (doc. 69) for leave to supplement her response to the motion for summary judgment is granted. The plaintiff may file the supplement on or before June 2, 2008.

IT IS SO ORDERED.

May 22, 2008                                s/William M. Catoe
Greenville, South Carolina                  United States Magistrate Judge

---

[1] Federal Rule of Civil Procedure 6(b)(1)(B) provides in pertinent part:
> **In General.** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> ***
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P.6(b)(1)(B).

2