IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Gloria Bautista, ) | |
| ) | Civil Action No. 8:07-1287-HFF-WMC |
| Plaintiff, ) | |
| ) | **SUPPLEMENTAL REPORT** |
| vs. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Clemson University, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion for summary judgment. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

In her complaint, the plaintiff alleges that the defendant discriminated against her on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended. Upon this court's recommendation, on October 2, 2007, the Honorable Henry M. Herlong, Jr.,[1] United States District Judge, dismissed the plaintiff's harassment claims. On March 7, 2008, the defendant filed a motion for summary judgment on the plaintiff's remaining claims. On March 26, 2008, the plaintiff filed her opposition to the motion, and on April 7, 2008, the defendant filed a reply brief. The plaintiff then filed a motion to supplement her opposition to the motion for summary judgment, which was granted by this court. The plaintiff filed her supplemental brief on May 22, 2008, and the defendant filed its reply on June 2, 2008. On September 19, 2008, this court filed a Report of Magistrate Judge recommending that the defendant's motion for summary judgment be

---

[1] This case was reassigned to the Honorable Henry F. Floyd, United States District Judge, on October 15, 2008.

granted. On October 3, 2008, the plaintiff filed her objections to the Report, and on October 20, 2008, the plaintiff filed a motion for leave to supplement her objections by adding the affidavit of Professor John C. Bednar and additional excerpts from the deposition of Dr. Constancio Nakuma to the record. The defendant opposed the motion. On December 10, 2008, Judge Floyd granted the plaintiff's motion and remanded the case to this court for consideration of the additional evidence submitted by the plaintiff. This court then allowed the defendant to file a response to the additional evidence, which it did on December 31, 2008.

In the original Report, this court found that the plaintiff had not established the second and fourth elements of a *prima facie* case. To establish a *prima facie* case of discrimination under Title VII, the plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). In particular, with regard to the fourth element, the plaintiff argued that Professor Russell Willingham had engaged in similar conduct. This court found as follows:

> The plaintiff argues that another faculty member in the Languages Department, Russell Willingham, repeatedly missed classes and failed to administer final examinations (pl. dep. 110-12; Melton dep. 65-73). Willingham was disciplined, but he was given three years to improve his performance before he was terminated as the result of an unsatisfactory post tenure review. The plaintiff argues that the "contrast between this three-year period of leniency and the haste to terminate Plaintiff is striking and its defeats any claim that the unfortunate events that disrupted the December 2005 examinations were cause for discharge" (pl. resp. m.s.j. 12). However, as argued by the defendant, the plaintiff has not produced sufficient proof that Willingham engaged in the same conduct as she did or that there were no mitigating circumstances to distinguish his conduct from the plaintiff's or the University's treatment of them for it. The plaintiff admitted in her deposition that she did not know whether Willingham was authorized to miss classes or whether or not he violated university policy (pl. dep. 109-113).

2

(Report at 10).

The plaintiff has now submitted two pieces of additional evidence to address this finding: an affidavit from Professor Bednar, who was a Professor in the Department of Languages from 1989 to 2005, and additional excerpts from the deposition of Dr. Nakuma, who was the Chair of the Department of Languages at the time of the plaintiff's dismissal. In his affidavit, Professor Bednar testified that he was the Head of the French Section, and Professor Russell Willingham was a professor in his section. Professor Bednar received numerous complaints from students about Professor Willingham missing classes and missing or refusing to administer final examinations. On one occasion, three students made a formal complaint to Dr. Nakuma and, according to Professor Bednar, no action was taken against Professor Willingham. Professor Bednar also stated that he felt Professor Willingham's conduct "was far more severe and repeated than the conduct that has been given as a reason for the discharge" of the plaintiff (Bednar aff. 1-2). In the deposition excerpts from Dr. Nakuma's deposition, Dr. Nakuma acknowledged that in the last semester before Professor Willingham's retirement, he got complaints from students about Professor Willingham missing classes. Because of the complaints, Dr. Nakuma talked to Professor Willingham and determined that he would not give Professor Willingham a summer course to teach, and Professor Willingham retired shortly thereafter. Dr. Nakuma testified that he was not aware that Professor Willingham had a history of missing classes or canceling exams (Nakuma dep. 76-78). The plaintiff argues that the foregoing evidence confirms the defendant's knowledge of Professor Willingham's conduct because there was a formal complaint against him for missing classes or cancelling examinations, which raises a question of fact as to the similarity of Professor Willingham's conduct to the plaintiff's conduct.

Assuming for purposes of this motion that the plaintiff can satisfy the fourth element of a *prima facie* case, summary judgment for the defendant is still appropriate. As

this court stated in the original Report, the plaintiff has failed to present *any* evidence that she was the victim of intentional discrimination.

> Regardless of the method of analysis employed, "[t]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Plaintiff must produce sufficient evidence upon which a reasonable juror could find that the protected trait actually motivated the employer's decision.

*Ward v. City of North Myrtle Beach*, 457 F.Supp.2d 625, 630 (D.S.C. 2006) (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004)).  Here, the plaintiff's *prima facie* case is weak, at best;  the defendant has come forward with a legitimate, non-discriminatory reason for the plaintiff's termination from employment; and the plaintiff has failed to come forward with evidence that the reason articulated by the employer is a pretext to mask unlawful discrimination, as discussed more fully in the original Report.

Wherefore, based upon the foregoing, this court recommends that the defendant's motion for summary judgment be granted.

                                             s/William M. Catoe
                                             United States Magistrate Judge

February 9, 2009

Greenville, South Carolina