

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| GLORIA BAUTISTA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:07-1287-HFF-WMC |
| | § | |
| CLEMSON UNIVERSITY, | § | |
| Defendant. | § | |

## ORDER

### I.    INTRODUCTION

This case was filed as a action under Title VII of the Civil Rights Act of 1964 alleging employment discrimination based on race and national origin. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge and the Supplemental Report of the Magistrate Judge (Supplemental Report) both suggesting that Defendant's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 19, 2008, and Plaintiff filed her objections to the Report on October 3, 2008. In addition, Plaintiff filed a motion to supplement her objections with additional evidence on October 20, 2008. The Court granted that motion and referred the matter back to the Magistrate Judge for consideration of the additional evidence. After considering the additional evidence, the Magistrate Judge filed a Supplemental Report on February 9, 2009, in which he concluded that summary judgment for Defendant was still appropriate. Plaintiff filed her objections to the Supplemental Report on February 26, 2009, and Defendant filed a reply on March 9, 2009.

Plaintiff is Hispanic and was formerly a tenured Spanish professor in Defendant's Languages Department. She alleges that Defendant terminated her because of her race and national origin. Defendant contends, however, that Plaintiff was fired because she left the country during final exam week without notifying Defendant and without making adequate arrangements for administering her exams before leaving. The remaining facts of this case are set forth in detail in the Report, which is incorporated herein and, thus, are not reproduced here.

## II.   DISCUSSION AND ANALYSIS

### A.   *Legal Standard and Contentions of the Parties*

As noted in the Report, to establish a prima facie case of discrimination under Title VII, Plaintiff must show that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for [her] job and [her] job performance was satisfactory; (3) [s]he was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). If Plaintiff succeeds in proving a prima facie case, then, under the *McDonnell Douglas* tripartite burden-shifting framework, the

burden shifts to Defendant to articulate a non-discriminatory reason for terminating Plaintiff. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If Defendant carries this burden, then Plaintiff must establish by a preponderance of the evidence that Defendant's reason for its action is a pretext to mask unlawful discrimination. *Id.* at 255.

In this case, the parties' arguments have generally focused on the first step of the *McDonnell Douglas* framework–the prima facie case. In its pending motion for summary judgment, Defendant argues that Plaintiff has failed to set forth both the second and fourth elements of the prima facie case. In the Report, the Magistrate Judge agreed that Plaintiff had failed to establish those elements. Thus, each of those two elements of the prima facie case are discussed below.

As an alternative basis for his recommendation, the Magistrate Judge also concluded that Defendant had a non-discriminatory reason for terminating Plaintiff, and that Plaintiff had failed to carry her burden of showing that Defendant's stated reason was only a pretext for hiding unlawful discrimination. Because much of Plaintiff's objections target the Magistrate Judge's alternative analysis, this portion of the Magistrate Judge's analysis is also examined in more detail below.

    *B.    Plaintiff's Prima Facie Case of Discrimination*

        1.    <u>Whether Plaintiff has Established the Fourth Element of a Prima Facie Case: Other Employees Who Are Not Members of the Protected Class Were Retained Under Similar Circumstances</u>

The new evidence submitted by Plaintiff and considered by the Magistrate Judge in his Supplemental Report focused on the fourth element of Plaintiff's prima facie case–that other employees who are not members of the protected class were treated differently under similar circumstances. In particular, Plaintiff contends that former Languages' Professor Russell Willingham also missed classes and exams, but he was not terminated. In addition to evidence

already presented, Plaintiff submitted an affidavit from former Languages' Professor John Bednar explaining Professor Willingham's conduct and noting that rather than being fired, Professor Willingham was not given a summer course to teach, and he retired shortly thereafter. Plaintiff also submitted additional deposition excerpts from Dr. Constancio Nakuma, the Chair of the Languages Department, regarding her treatment of Professor Willingham.

In considering this evidence on remand, the Magistrate Judge assumed, without deciding, that Plaintiff could satisfy the fourth element of her prima facie case. The Court will do the same. Thus, the Court will not consider Plaintiff's objections to the Report as those objections relate to the fourth element of the prima facie case for discrimination.[*]

### 2. Whether Plaintiff Has Established the Second Element of a Prima Facie Case: Satisfactory Job Performance

As noted above, in the original Report, the Magistrate Judge concluded that Plaintiff had failed to establish that her job performance was satisfactory. This portion of the Report remains unaltered by the Supplemental Report because Plaintiff's additional evidence was related solely to the fourth element. As stated in the Report,

> There is no dispute that the plaintiff left the country during the last week of classes and the week of finals; that she did not notify her students or the administration that she was leaving; that she did not fill out the required travel/leave forms; that she hired substitutes, who were unknown to and whose credentials were unverified by the University, to teach her classes and administer exams; that she did not contact the administration when she found out that one of the

---

[*] One such prominent objection appears in Plaintiff's objections to the Supplemental Report. Plaintiff argues that the Magistrate Judge "improperly rejected Plaintiff's evidence that other professors had not been held to the same standard" by applying the standard from *Ward v. City of North Myrtle Beach*, 457 F. Supp. 2d 625 (D.S.C. 2006). However, because the Court is assuming that Plaintiff has established the fourth element of her prima face case, the Court need not address this objection.

4

>> substitutes would not be able to cover two of her classes as planned; and that she attempted to reschedule and ultimately cancelled the final examinations. The evidence also shows that the plaintiff had been reprimanded for a similar situation in 1995 and that, at that time, she had assured the Department Chair "that this situation will not happen again."

(Report 9-10.)

In her original objections to the Report, Plaintiff fails to explicitly refute this finding, though she does insist that she has set forth the elements of a prima facie case of discrimination. However, Plaintiff generally criticizes the Magistrate Judge's analysis, arguing, inter alia, that the Magistrate Judge should have given greater weight to the protections given to tenured faculty outlined in the Faculty Manual.

The Court agrees with the Magistrate Judge that Plaintiff has failed to establish that her job performance was satisfactory. In making this determination, it is unnecessary for the Court to determine whether Defendant complied with the letter of the Faculty Manual. Plaintiff does not dispute that she was out of country the last week of classes and first week of finals, that without informing the administration, she hired substitutes to teach her classes and administer the final examinations; that she did not complete the requisite forms for out of the country travel; that she did not inform Defendant that one of her substitutes had fallen through; and that she attempted to send a final examination through email and then offered to allow students to forego a final exam in favor of their grade at that time. Plaintiff's actions violated Defendant's policies and procedures.

Further, Plaintiff engaged in the same conduct in 1995 and was reprimanded for missing numerous classes, leaving before the end of the semester, and hiring a substitute unknown to Defendant to administer and grade a final exam. Plaintiff assured her department chair in 1995 that the conduct would not happen again. In light of the undisputed facts in this case, Plaintiff's

5

argument that the Court must consider the Faculty Manual standard for termination for cause and her allegation that she was denied due process on her grievance fails to create a genuine issue of material fact concerning whether Plaintiff's job performance was satisfactory.

Although not expressly related to the prima facie case, two of Plaintiff's objections to the Report merit further consideration. Specifically, Plaintiff argues that (1) "the Report fails to consider the protection from termination that Plaintiff, as a full, tenured professor was entitled to receive; (2) fails to consider the conclusive evidence presented as a supplemental filing that Defendant denied Plaintiff due process consideration of her internal appeal." (Pl.'s Objections 1-2.)

These two objections are without merit. The Court agrees that if Plaintiff was dismissed without cause and/or due process, she would have a cognizable claim for breach of employment contract or violation of S.C. Code Ann. § 8-17-380. However, these claims are not before the Court. "Title VII prohibits discrimination based only on certain enumerated factors" such as race and/or national origin discrimination. *Archuleta v. Colorado Dept. Of Institutions, Div. Of Youth Servs.*, 936 F.2d 483, 487 (10th Cir. 1991). "Title VII does not ensure that employees will always be treated fairly or that they will be discharged only for meritorious reasons. Although the dismissal of an employee without cause may contribute to an inference of unlawful discrimination, it does not require such a finding." *Id.* The issue before the Court is whether Plaintiff has established a prima facie case of racial and/or national origin discrimination. The Court agrees with the Magistrate Judge that Plaintiff has failed to do this. Thus, the Court will grant Defendant's motion for summary judgment on this basis.

*C.     The Magistrate Judge's Alternative Conclusion and Plaintiff's Remaining Objections*

As previously noted, as an alternative basis for recommending that Defendant's motion for summary judgment be granted, the Magistrate Judge concluded that under the *McDonnell Douglas* burden-shifting framework, Defendant had established a non-discriminatory reason for terminating Plaintiff and that Plaintiff had failed to show that this reason was just a pretext masking discrimination. (Report 12-14.) Many of Plaintiff's objections to the Report and the Supplemental Report relate to this alternative holding and will be considered at this time.

In addition to the objections to the original Report noted above, Plaintiff also argues that the Report "(3) misapplies the standards for granting summary judgment articulated by the Supreme Court in *Reeves v. Sanderson Plumbing Products, Inc.,* 533 U.S. 133 (2000)." (Objections 2.) In *Reeves*, the Court noted, "Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148. In particular, Plaintiff asserts that the Magistrate Judge considered evidence from interested witnesses in concluding that Defendant had established a non-discriminatory reason for firing Plaintiff.

First, the *Reeves* standard does not apply until Plaintiff has established a prima facie case. *Id.* However, for this portion of the analysis, the Court is assuming that Plaintiff has established a prima facie case. Second, the evidence supporting Plaintiff's failure to administer her final exams came not only from employees of Defendant but also from Plaintiff herself. Thus, Plaintiff's argument that the Magistrate Judge considered evidence only from interested witnesses and misapplied *Reeves* is without merit. Third, even if the Magistrate Judge misconstrued *Reeves*, this Court finds, applying *Reeves*, that Plaintiff has failed to present "sufficient evidence to find that the

7

employer's asserted justification is false." Plaintiff's conclusory allegations, without more, are insufficient to preclude the granting of Defendant's motion for summary judgment.

Related to this argument, in her objections to the Supplemental Report, Plaintiff contends that she has met her burden of showing that Defendant's stated reason for her termination is pretextual. In particular, Plaintiff contends that she has shown evidence of discriminatory animus, which "can be compelling evidence of pretext." However, Plaintiff fails to cite any authority to support this proposition. She discusses at length the alleged "anti-Hispanic bias" on the part of an associate dean and the alleged history of discrimination against Hispanics in Defendant's Languages Department. Even viewing these allegations in the light most favorable to Plaintiff, as the Court must, Plaintiff still fails to establish that the decision to fire her, the decision at issue in this case, was influenced by discriminatory motives. Even if Plaintiff was the victim of discrimination in the past, the Court agrees with the Magistrate Judge that "Plaintiff has failed to present evidence that she was the victim of intentional discrimination" in this instance. (Report 14.) Thus, the Court finds Plaintiff's pretextual argument to be without merit.

## III.    CONCLUSION

To summarize, the Court finds that Plaintiff has failed to establish the second element of a prima facie case of race or national origin discrimination under Title VII by failing to show that her job performance was satisfactory. Thus, Defendant is entitled to summary judgment on that basis. In the alternative, even if Plaintiff has established a prima facie case, Defendant has come forward with a persuasive non-discriminatory reason for terminating Plaintiff. Further, Plaintiff has failed to demonstrate that Defendant's stated reason was a pretext for masking unlawful discrimination. Thus, Defendant is also entitled to summary judgment on that basis.

After a thorough review of the Report, the Supplemental Report, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and Supplemental Report and incorporates both herein. Therefore, it is the judgment of this Court that Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 20th day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE